UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMIAH JAMARCO HARRISON,

        Petitioner,                      Case No. 2:24-cv-13013
                                                      Honorable Linda V. Parker

v.

TERRY WILKINS,

        Respondent.
_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS

Michigan prisoner Jeremiah Jamarco Harrison has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Harrison, who pled guilty to one count of third-degree criminal sexual conduct in violation of Michigan Compiled Laws § 750.520d(B)(1) in the Circuit Court for Lapeer County, Michigan, challenges his sentence for that conviction. The state court sentenced Harrison as a fourth-time habitual felony offender to a term of imprisonment of 20 to 35 years.

Harrison raises three claims in support of his habeas petition. The Court is denying the petition because all three claims are without merit. The Court also is denying Harrison a certificate of appealability and permission to appeal in forma pauperis.

I.

Harrison was charged with third-degree criminal sexual conduct and being a fourth-habitual felony offender as a result of an incident at the Thumb Correctional Facility. At his guilty plea hearing, Harrison admitted to using physical force to sexually assault another inmate. (ECF No. 7-2 at PageID.108; ECF No. 7-5 at PageID.142.) Pursuant to a plea agreement, Harrison pled guilty to the charged offense in exchange for the removal of the mandatory 25-year minimum sentence requirement. (ECF No. 7-2 at PageID.106.)

Harrison's calculated sentencing guidelines range called for a minimum term between 117 and 320 months. As indicated, the trial court sentenced Harrison to 20-35 years, within the guidelines range. (ECF No. 7-3, PageID.117.)

Harrison, with the assistance of counsel, filed an application for leave to appeal in the Michigan Court of Appeals. The application raised three claims:

> I. Did the trial court violate Harrison's due process rights by considering some of his prior uncounseled convictions with incarceration? Furthermore, was defense trial counsel constitutionally ineffective in failing to object?
>
> II. Did the trial court err by incorrectly scoring PRV 3, PRV 4, and OV 10 when determining the sentencing guidelines, resulting in a violation of Harrison's state and federal constitutional rights to due process and statutory rights at sentencing? U.S. Const. amends. V, XIV; Mich. Const. art. I, § 17.
>
> III. Is Harrison's sentence procedurally and substantively unreasonable, disproportionate, disparate, and inequitable?

2

(ECF No. 7-5, PageID.141.)

The Michigan Court of Appeals denied Harrison's application for leave to appeal "for lack of merit in the grounds presented." (*Id.* PageID.135.) Harrison sought leave to appeal to the Michigan Supreme Court, which denied him leave by form order. *People v. Harrison*, 11 N.W.3d 504 (Mich. 2024) (Table); (ECF No. 7-6, PageID.211.)

## II.

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. The summary order issued by the Michigan Court of Appeals constitutes an adjudication of Harrison's claims on the merits. *See Werth v. Bell*, 692 F.3d 486, 492-94 (6th Cir. 2012).

Relief is barred under § 2254 unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law. 28 U.S.C. § 2254(d)(1). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362,

405-06 (2000)). "[T]he 'unreasonable application' prong of [the statute] permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of [the] petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413).

### III.

### A.

In his first ground for relief, Harrison asserts that the trial court unconstitutionally considered prior uncounseled misdemeanor convictions in determining his sentence, and that his trial counsel was ineffective for failing to object to the use of the prior convictions. Specifically, Harrison claims that "Juvenile Offenses 1, 2, and 11 of 11 listed in the PSI" were the convictions that were unconstitutionally considered in determining his sentence. (ECF No. 1 at PageID.2; ECF No. 7-6 at PageID.224.)

Under clearly established Supreme Court law, a sentencing court may not rely on an uncounseled misdemeanor conviction to enhance a sentence if the conviction resulted in actual imprisonment. *Nichols v. United States*, 511 U.S. 738, 747-48 (1994). To invoke this principle, a criminal defendant bears the burden to show both that he did not voluntarily waive counsel at the prior

4

proceeding, and that the misdemeanor conviction resulted in the imposition of a jail sentence. *Id*. at 746-47.

    Here, Harrison did not present the state courts—and, in fact, does not present this Court—with evidence that he did not voluntarily waive his right to counsel and that he was imprisoned for his prior juvenile misdemeanor convictions. In responding to this claim on state appeal, the prosecutor asserted that Harrison either waived his right to counsel or was not imprisoned with respect to these prior juvenile offenses. (ECF No. 7-4 at PageID.124-26.) Harrison did not dispute this assertion in the state courts. Accordingly, Harrison has failed to sustain his burden under *Nichols* of showing that his sentence was unconstitutionally based on uncounseled juvenile convictions.

    Harrison also asserts that his counsel was ineffective for failing to object to the use of these prior convictions. The claim fails for a similar reason. Because Harrison proffers no evidence that he did not waive his right to counsel or was imprisoned as a result of his prior convictions, he has not demonstrated entitlement to relief. "[T]he absence of evidence cannot overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Dunn v. Reeves*, 594 U.S. 731, 733 (2021) (quoting *Burt v. Titlow*, 571 U.S. 12, 23 (2013)) (internal quotation marks and brackets omitted).

B.

In his second ground for relief, Harrison asserts that the trial court incorrectly scored the sentencing guidelines. Specifically, he asserts that guidelines related to predatory conduct and "grooming behavior" were improperly scored. (ECF No. 1 at PageID.3.)

Harrison's assertion that the state courts erred in interpreting and applying state sentencing guidelines is not cognizable on federal habeas review because it asserts a violation of state law. *See, e.g., Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)) (holding that "federal habeas corpus relief does not lie for errors of state law."). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Harrison has "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Accordingly, Harrison's second claim is not cognizable and cannot form the basis for granting habeas relief.

C.

In his final ground for relief, Harrison asserts that his sentence is "procedurally and substantively unreasonable, disproportionate, disparate, and inequitable." (ECF No. 1-1 at PageID.3.) The wording of this claim references a challenge to the proportionality of Harrison's sentence under a state-law standard governing the discretion of a trial court to impose a sentence that is proportionate and reasonable. *See People v. Lockridge*, 870 N.W.2d 502, 506 (Mich. 2015); *People v. Steanhouse*, 902 N.W.2d 327, 335-36 (Mich. 2017). When he presented this claim to the state court, Harrison relied primarily on state law to support the claim, though he also made passing reference to the Eighth Amendment. (ECF No. 7-6 at PageID.228-233.)

To the extent Harrison continues to claim that his sentence violates state law principles of proportionality, it is not cognizable. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). Thus, any claim by Harrison that the trial court violated state sentencing principles regarding disproportionality may not form the basis for granting federal habeas relief. *See Clarmont v. Chapman*, No. 20-1205, 2020 WL 5126476, at *1 (6th Cir. Jul. 13, 2020) (holding that "any state law challenge to the reasonableness of [Harrison's] sentence or argument that

7

his sentence is disproportionate under state law is also not cognizable on habeas review"); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994).

To the extent Harrison is raising an Eighth Amendment challenge to the length of his sentence, the same reasonableness and proportionality principles are not clearly established by Supreme Court precedent. The Eighth Amendment does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *see also United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (discussing that the gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)) (holding that the principle applies only in "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality").

A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Ordinarily, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life

8

in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).

Harrison was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law. His 20-35 year sentence for the forcible rape of another inmate is not the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality. The claim is without merit.

IV.

Because none of Harrison's claims merit relief, the Court is denying his petition for the writ of habeas corpus. Before Harrison may appeal this decision, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To satisfy § 2253(c)(2), Harrison must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). The Court finds that reasonable

jurists would not debate the resolution of any of Harrison's claims. The Court is therefore denying a certificate of appealability.

Finally, Harrison is not entitled to permission to appeal in forma pauperis because any appeal of this decision would be frivolous. 28 U.S.C. § 1915(a)(3).

V.

Accordingly,

**IT IS ORDERED** that Harrison's application for the writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DENIES** Harrison a certificate of appealability and leave to appeal in forma pauperis.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 15, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 15, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager